IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FIDELITY & GUARANTY LIFE
INSURANCE COMPANY,

INTERPLEADER PLAINTIFF,

vs.

CIVIL ACTION NO. _____

ST. JUDE CHILDREN'S RESEARCH HOSPITAL, INC.;
NANCY WILT; WILLIAM BAILEY; JOHN F. STONEBERG;
WILLIAM BAILEY, AS TRUSTEE OF THE BLANCHE
OPPERMAN REVOCABLE LIVING TRUST DATED
6/15/2004; WILLIAM BAILEY, AS THE ADMINISTRATOR
OF THE ESTATE OF BLANCHE OPPERMAN;
CHILDREN'S HOSPITAL OF PITTSBURGH OF THE
UPMC HEALTH SYSTEM; CHILDREN'S HOSPITAL
OF PITTSBURGH FOUNDATION; PILOT DOGS, INC.;
ALUMNI OF PILOT DOG OWNERS, INC.; GUIDING
EYES FOR THE BLIND, INC.; BENNY JOE WILT;
SHRINERS HOSPITALS FOR CHILDREN, INC.; SHRINERS
INTERNATIONAL, INC.; NANCY HORNIG;
JENNIFER HURL; KURT WOOLSLAYER; NICOLE A.
BAKER; FREE LIBRARY OF PHILADELPHIA;
FREE LIBRARY OF PHILADELPHIA FOUNDATION;
ZION LUTHERAN CHURCH; CARNEGIE LIBRARY
OF PITTSBURGH; CARNEGIE LIBRARY OF
PITTSBURGH FOUNDATION; NATIONAL BRAILLE
PRESS, INC.,

INTERPLEADER DEFENDANTS.

## COMPLAINT FOR INTERPLEADER

Plaintiff, Fidelity & Guaranty Life Insurance Company ("Fidelity"), pursuant to 28

U.S.C. §§ 1335, 1397, 2361, states the following in support of this Complaint for Interpleader:

## PARTIES, JURISDICTION AND VENUE

1.      Fidelity & Guaranty Life Insurance Company ("Fidelity") is a corporation organized and existing under the laws of the State of Iowa, with its home office and principal place of business in the State of Iowa.  For purposes of determining diversity of citizenship, Fidelity is a citizen of the State of Iowa and not of any other State.  Fidelity is authorized to do business and does conduct business in the State of Pennsylvania.

2.      Fidelity is the successor company to OM Financial Life ("OMFL").

3.      Upon information and belief, St. Jude Children's Research Hospital, Inc. ("St. Jude") is a corporation incorporated in, and maintains its principal place of business in, the State of Tennessee.  For purposes of determining diversity of citizenship, St. Jude is a citizen solely of the State of Tennessee.

4.      Upon information and belief, Nancy Wilt ("Nancy Wilt") is an individual whose domicile is in the State of Pennsylvania.  For purposes of determining diversity of citizenship, she is a citizen solely of the State of Pennsylvania.

5.      Upon information and belief, William Bailey ("Bailey") is an individual whose domicile is in the State of Pennsylvania.  For purposes of determining diversity of citizenship, he is a citizen solely of the State of Pennsylvania.

6.      Upon information and belief, John F. Stoneberg ("Stoneberg") is an individual whose domicile is in the State of Pennsylvania.  For purposes of determining diversity of citizenship, he is a citizen solely of the State of Pennsylvania.

7.      Upon information and belief, Children's Hospital of Pittsburgh of the UPMC Health System ("Children's Hospital of Pittsburgh") is a non-profit corporation incorporated in,

and maintains its principal place of business in, the State of Pennsylvania. For purposes of determining diversity of citizenship, it is a citizen solely of the State of Pennsylvania.

8.      Upon information and belief, Children's Hospital of Pittsburgh Foundation ("Children's Hospital of Pittsburgh Foundation") is a non-profit corporation incorporated in, and maintains its principal place of business in, the State of Pennsylvania. For purposes of determining diversity of citizenship, it is a citizen solely of the State of Pennsylvania.

9.      Upon information and belief, Pilot Dogs, Inc. ("Pilot Dogs") is a corporation incorporated in, and maintains its principal place of business in, the State of Ohio. For purposes of determining diversity of citizenship, it is a citizen solely of the State of Ohio.

10.     Upon information and belief, Alumni of Pilot Dog Owners, Inc. ("Alumni of Pilot Dog Owners") is a corporation incorporated in, and maintains its principal place of business in, the State of Ohio. For purposes of determining diversity of citizenship, it is a citizen solely of the State of Ohio.

11.     Upon information and belief, Guiding Eyes for the Blind, Inc. ("Guiding Eyes for the Blind") is a corporation incorporated in, and maintains its principal place of business in, the State of New York. For purposes of determining diversity of citizenship, it is a citizen solely of the State of New York.

12.     Upon information and belief, Benny Joe Wilt ("Benny Joe Wilt") is an individual whose domicile is in the State of Maryland. For purposes of determining diversity of citizenship, he is a citizen solely of the State of Maryland.

13.     Upon information and belief, Shriners Hospital for Children, Inc. ("Shriners Hospital for Children") is a corporation incorporated in the State of Colorado, with its principal

place of business in Florida. For purposes of determining diversity of citizenship, it is a citizen of both Colorado and Florida.

14.    Upon information and belief, Shriners International, Inc. ("Shriners International") is a corporation incorporated in the State of Iowa, with its principal place of business in Florida. For purposes of determining diversity of citizenship, it is a citizen of both Iowa and Florida.

15.    Upon information and belief, Nancy Hornig ("Hornig") is an individual whose domicile is in the State of Pennsylvania. For purposes of determining diversity of citizenship, she is a citizen solely of the State of Pennsylvania.

16.    Upon information and belief, Jennifer Hurl ("Hurl") is an individual whose domicile is in the State of Pennsylvania. For purposes of determining diversity of citizenship, she is a citizen solely of the State of Pennsylvania.

17.    Upon information and belief, Kurt Woolslayer ("Woolslayer") is an individual whose domicile is in the State of Pennsylvania. For purposes of determining diversity of citizenship, he is a citizen solely of the State of Pennsylvania.

18.    Upon information and belief, Nicole A. Baker ("Baker") is an individual whose domicile is in the State of Pennsylvania. For purposes of determining diversity of citizenship, she is a citizen solely of the State of Pennsylvania.

19.    Upon information and belief, Free Library of Philadelphia ("Free Library of Philadelphia") is a non-profit corporation incorporated in, and maintains its principal place of business in, the State of Pennsylvania. For purposes of determining diversity of citizenship, it is a citizen solely of the State of Pennsylvania.

4

20.     Upon information and belief, Free Library of Philadelphia Foundation ("Free Library of Philadelphia Foundation") is a non-profit corporation incorporated in, and maintains its principal place of business in, the State of Pennsylvania.   For purposes of determining diversity of citizenship, it is a citizen solely of the State of Pennsylvania.

21.     Upon information and belief, Zion Lutheran Church ("Zion Lutheran Church") is a non-profit corporation incorporated in, and maintains its principal place of business in, the State of Pennsylvania.   For purposes of determining diversity of citizenship, it is a citizen solely of the State of Pennsylvania.

22.     Upon information and belief, Carnegie Library of Pittsburgh ("Carnegie Library of Pittsburgh") is a non-profit corporation incorporated in, and maintains its principal place of business in, the State of Pennsylvania.   For purposes of determining diversity of citizenship, it is a citizen solely of the State of Pennsylvania.

23.     Upon information and belief, Carnegie Library of Pittsburgh Foundation ("Carnegie Library of Pittsburgh Foundation") is a non-profit corporation incorporated in, and maintains its principal place of business in, the State of Pennsylvania.   For purposes of determining diversity of citizenship, it is a citizen solely of the State of Pennsylvania.

24.     Upon information and belief, National Braille Press, Inc. ("National Braille Press") is a corporation incorporated in, and maintains its principal place of business in, the State of Massachusetts.   For purposes of determining diversity of citizenship, it is a citizen solely of the State of Massachusetts.

25.     Upon information and belief, William Bailey, as Trustee of the Blanche Opperman Revocable Living Trust dated 6/15/2004 (the "Trust"), is a trust domiciled in the State

of Pennsylvania.  For purposes of determining diversity of citizenship, the Trust is a citizen solely of the State of Pennsylvania.

26.     Upon information and belief, William Bailey, as Administrator of the Estate of Blanch Opperman (the "Estate"), is domiciled in the State of Pennsylvania.  For purposes of determining diversity of citizenship, the Estate is a citizen solely of the State of Pennsylvania.

27.     The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335 because the amount at issue is more than $500, and two or more of the claimants who may have a claim to the proceeds are of diverse citizenship.

28.     Venue is proper in this Court because one or more of the Defendants reside in this judicial district.  *See* 28 U.S.C. § 1397.

29.     In particular, Defendant Carnegie Library of Pittsburgh Foundation's address is 4400 Forbes Avenue, Pittsburgh, Pennsylvania.

30.     Pursuant to 28 U.S.C. § 2361, this Court has the power to issue process to be served on each of the Defendants.

## FACTUAL ALLEGATIONS

31.     On March 6, 2007, Blanche Opperman ("Opperman"), deceased, applied for an annuity through OMFL.  That application was for annuity Contract Number L9152309.  A copy of that application is attached hereto as Exhibit A.

32.     That application also had a list of beneficiaries attached.  Ex. A.

33.     On May 15, 2007, OMFL issued an annuity with Certificate Number L9152309, Contract Number 100136 (the "First Annuity").  The First Annuity had an initial premium of $53,786.95.  A copy of the First Annuity is attached hereto as Exhibit B.

34.    On July 12, 2007, Opperman applied for a second annuity through OMFL. That application was for annuity Contract Number L9161845. A copy of that application is attached hereto as Exhibit C.

35.    That application also had a list of beneficiaries attached. Ex. C.

36.    On July 22, 2007, OMFL issued a second annuity with Certificate Number L9161845, Contract Number 100136 (the "Second Annuity," collectively, the "Annuities"). The Second Annuity had an initial premium of $454,646.00. A copy of the Second Annuity is attached hereto as Exhibit D.

37.    Opperman was the owner and annuitant of both of the Annuities. Ex. B, D.

38.    On or around July of 2014 and August of 2014, Fidelity received requests for withdrawals from the Annuities. Copies of these Requests for Disbursement/Systematic Withdrawal Forms are attached collectively hereto as Exhibit E.

39.    In August of 2014, withdrawal checks for $22,500 and $4,500 were issued to Opperman from the Annuities.

40.    In August of 2015, withdrawal checks for $22,500 and $4,500 were again issued to Opperman from the Annuities. Copies of the drafts for these withdrawals from 2014 and 2015 are collectively attached hereto as Exhibit F.

41.    On or about September 6, 2015, Opperman submitted a Transfer of Ownership/Change Beneficiary/Change Annuitant Form, requesting the beneficiaries be changed as follows: St. Jude's Hospital (10%); Nancy Wilt (10%); William Bailey (10%); John F. Stoneberg (10%); Blanche Opperman Living Trust U/T/D 6/15/2004 (7%); Children's Hospital (5%); Pilot Dog Association (5%); Guiding Eyes for the Blind (5%); Benny Joe Wilt (5%); Shriner's Assn. (4%); Nancy Hornig (4%); Jennifer Hurl (4%); Kurt Woolslayer (4%); Nicole A.

Baker (4%); Free Library for the Blind of Philadelphia (4%); Zion Lutheran Church (3%); Carnegie Library for the Blind (3%); and National Braille Press (3%). A copy of the Transfer of Ownership/Change Beneficiary/Change Annuitant Form is attached hereto as Exhibit G.

42.     Opperman noted that she was blind and executed the Transfer of Ownership/Change Beneficiary/Change Annuitant Form by seal. Ex. G.

43.     Per correspondence from Fidelity to Opperman dated October 28, 2015, these beneficiary change requests were processed. A copy of that correspondence is attached hereto as Exhibit H.

44.     On or about April 10, 2016, Opperman submitted another Transfer of Ownership/Change Beneficiary/Change Annuitant Form, requesting the beneficiaries be changed as follows: St. Jude's Hospital (10%); Nancy Wilt (10%); William Bailey (10%); John F. Stoneberg (10%); Blanche Opperman Living Trust U/T/D 6/15/2004 (18%); Children's Hospital (5%); Pilot Dog Association (5%); Guiding Eyes for the Blind (5%); Benny Joe Wilt (5%); Shriner's Assn. (4%); Kurt Woolslayer (4%); Nicole A. Baker (4%); Free Library for the Blind of Philadelphia (4%); Carnegie Library for the Blind (3%); and National Braille Press (3%) (collectively, the "May 2016 beneficiary change requests"). A copy of that Transfer of Ownership/Change Beneficiary/Change Annuitant Form is attached hereto as Exhibit I.

45.     By way of correspondence dated May 10, 2016, and May 11, 2016, Fidelity notified Opperman that it could not process the most recent Transfer of Ownership/Change Beneficiary/Change Annuitant Form as the list of beneficiaries did not sum to 100%. A copy of that correspondence is attached hereto as Exhibit J.

46.     In August of 2016, withdrawal checks for $22,500 and $4,416 were issued to Opperman from the Annuities. Copies of these drafts are attached hereto as Exhibit K.

47.     On or about September 1, 2016, Fidelity received another copy of the beneficiary list included with the May 2016 change of beneficiary requests.

48.     On September 7, 2016, Fidelity sent correspondence to Opperman rejecting these beneficiaries as to the Second Annuity, but not the First Annuity.  A copy of that correspondence is attached hereto as Exhibit L.

49.     Opperman died on September 4, 2016.  A copy of her death certificate is attached hereto as Exhibit M.

50.     Upon information and belief, William Bailey is the Administrator of the Estate of Blanche Opperman and also the Trustee of the Blanche Opperman Living Trust dated 6/15/2004. Attached hereto as Exhibit N are documents from the Register of Wills evidencing same.

51.     By way of correspondence dated September 1, 2016, Bailey alleged in or around September of 2016 that funds were improperly withdrawn from the Annuities prior to Opperman's death. A copy of that correspondence is attached hereto as Exhibit O.

52.     By way of correspondence from Fidelity to the Estate of Blanche Opperman dated October 28, 2016, the contract value of the First Annuity at the time of Opperman's death was $58,560.41 and the contract value of the Second Policy at the time of Opperman's death was $548,167.63.  A copy of this correspondence is attached hereto as Exhibit P.

53.     Ambiguity exists regarding the proper beneficiaries of the Annuities, and give rise to competing claims for payment of the Annuities' proceeds.

54.     In particular, several of the named beneficiaries do not exist, and two or more companies exist with similar names.

55.     Further, it is unclear whether the beneficiary list resubmitted in September 6, 2016 (Exhibit G) was another attempt to change beneficiaries on the Annuities and, relatedly, whether the change was, or should have been accepted as to both of the Annuities.

56.     Finally, Interpleader is also appropriate due to the allegations of wrongful withdrawal of the Annuities' funds. *See* Ex. O.

57.     Although Fidelity fully acknowledges it owes the full remaining benefit of the Annuities to one or more of the Defendants, for the reasons outlined above, Fidelity is uncertain which Defendants to pay and in what proportions.

58.     Fidelity is not aware of any agreement between the Defendants regarding the proceeds of the Annuities.

## INTERPLEADER AS PROPER REMEDY

59.     To the best of Fidelity's knowledge, based upon a reasonable and diligent inquiry, all potential claimants to the proceeds of the Annuities have been made parties to this action.

60.     Fidelity has no interest or claim in the proceeds of the Annuities. Fidelity is a mere stakeholder and has not incurred any independent liability to either of the claimants.

61.     The claims of Defendants have a common origin because Defendants have competing and adverse claims for the same finite proceeds which are payable under the Annuities.

62.     Due to the potential competing claims of the parties, Fidelity is unable to determine to whom the Annuities' proceeds should be paid.

63.     Without a determination by the Court, payment of the Annuities' proceeds may expose Fidelity to multiple liability or risk being accused of improper action. Fidelity is prepared to tender the proceeds at issue into the registry of this Honorable Court, via check made

payable to the Clerk of the United States District Court for the Western District of Pennsylvania, as soon as the Court grants permission.

WHEREFORE, Fidelity & Guaranty Life Insurance Company respectfully requests that the Court enter a copy of the Order attached hereto as Exhibit Q.

POST & SCHELL, P.C.

BY: _____

STEVEN J. SCHILDT, ESQ.
I.D. # 79011
JEFFREY M. BRENNER, ESQ.
I.D. # 313580
Attorneys for Plaintiff
1600 JFK Blvd., 13th Floor
Philadelphia, PA 19103
Phone: 215-587-1133
E-mail: Sschildt@postschell.com
        :Jbrenner@postschell.com

DATE: May 30, 2017

11